# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TINA LYNETTE HADLEY | ) | CASE NO.  06-10406 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| UNITED CITIZEN BANK OF SOUTHERN KENTUCKY | ) ) | |
| Plaintiff(s) | ) | AP NO. 06-1075 |
| | ) | |
| v. | ) | |
| | ) | |
| TINA LYNETTE HADLEY | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM-OPINION

This matter came before the Court for trial on the Complaint to Determine Dischargeability of Plaintiff United Citizen Bank of Southern Kentucky ("UCB") against Defendant/Debtor Tina Lynette Hadley ("Debtor") on March 22, 2007.  For the following reasons, the Court will enter Judgment in favor of the Debtor.  The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052.

## FINDINGS OF FACT

In April of 2005 Debtor met with Phillip Watson, a loan officer at UCB about obtaining a consolidation loan.  Watson interviewed Debtor and filled out a Financial Statement based on her answers.  Watson wrote on the Financial Statement that Hadley owned real estate valued at $250,000.  Watson had Hadley review the Financial Statement and sign it on April 4, 2005.

Watson stated that he could not specifically recall his conversation with Debtor. Debtor testified that she did not tell Watson that she owned real estate. Debtor and her husband lived in a home owned by her in-laws. Watson testified that he knew Debtor's in-laws and Hadley's husband. Hadley's husband also obtained a loan from UCB and submitted a Financial Statement stating that he owned real estate valued at $186,500. The Financial Statement is dated April 29, 2005. Watson also testified several times that he knew Debtor's husband and in-laws prior to Debtor applying for the loan. He stated that he was aware that the family "had money."

Before approving the loan, Watson obtained a credit report on Debtor. He also required proof of her income and obtained pay stubs from her employer. Watson testified that the credit report was consistent with what Debtor had told Watson in the interview. The Federal Credit Application Insurance Disclosure form used by UCB lists the loan as unsecured and does not indicate that the Debtor owned real estate.

Debtor did not disclose to UCB or Watson at the time of the loan that she owed other debts not listed on her Financial Statement. She owed her brother a small amount, had a debt with Beneficial for $7,000 at the time of the UCB loan, owed her great aunt $10,000 and had borrowed money from The Bank of Columbia for a swimming pool. The credit report did not reflect debt owed to family members. Watson testified that UCB would not have made the loan to Debtor had it been aware of these additional debts owed by Debtor and that she did not own real estate.

An unsecured loan in the amount of $18,152.34 was made by UCB to the Debtor and a Promissory Note was signed on April 7, 2005. Watson testified that he did not learn that the home Debtor lived in was, in fact, owned by Debtor's in-laws until approximately one year after the loan had been approved.

On June 21, 2006, Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Debtor's Bankruptcy Petition does not indicate that she owns any real estate.

## **LEGAL ANALYSIS**

In its Complaint, UCB contends that it loaned Debtor $18,152.34 based upon her false Financial Statement which indicated she owned real estate valued at $250,000. UCB seeks to have the debt declared nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and (B).

Debts obtained by fraud, false pretenses and false representations are excepted from discharge under 11 U.S.C. §523. These exceptions are to be strictly construed in favor of the debtor. In re Ward, 857 F.2d 1082, 1083 (6th Cir. 1988). The claimant has the burden of persuasion and must prove every element of its case by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). With these general principles in mind, the Court will review each claim.

UCB's first claim is under §523(a)(2)(A) which reads in pertinent part,

(A) a discharge under Section 727 . . . does not discharge an individual debtor from any debt –
. . . . .
(2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by –
. . . . .
(A) false pretenses, a false representation, actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

In order to except a debt from discharge under this statute, a creditor must prove the following: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. In re Rembert, 141 F.3d 277, 280-81 (6th Cir. 1998). The proper measure

for reliance is the less demanding standard of justifiable reliance, rather than the objective standard of reasonable reliance. Field v. Mans, 516 U.S. 59 (1995).

Claims made under §523(a)(2)(A) and (B) are mutually exclusive in that statements regarding a debtor's financial condition are expressly excluded under subsection (A) and are only actionable under subsection (B) to the extent they are in writing. An oral misrepresentation of financial condition is not actionable as a matter of law under §523(a)(2)(A). See, In re Redburn, 202 B.R. 917, 924 (Bankr. W.D. Mich. 1996) (adopting expansive view of statutory language "respecting debtor's financial condition" to include a statement by a debtor that he owned certain assets without disclosing a lien on the assets). Thus, UCB's cause of action under §523(a)(2)(A) based on Debtor's alleged statement that she owned real estate and her failure to disclose other debts are not actionable under §523(a)(2)(A) as they pertain to her financial condition. Thus, judgment in Debtor's favor on Count I of the Complaint is required.

UCB's second cause of action is based on 11 U.S.C. §523(a)(2)(B). Under this statute, a debt will not be discharged if the debt was for "money" . . . "obtained by use of a statement in writing that is (i) materially false; (ii) representing the debtor's or insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property or services or credit reasonably relied; and (4) that debtor caused to be made or published with the intent to deceive." In re Plechaty, 213 B.R. 119, 126 (B.A.P. 6th Cir. 1997). To support this cause of action UCB relies on Debtor's Financial Statement which indicated she owned real estate and her failure to list all of her debts. UCB was required to prove each of the listed four elements in order to succeed on its claim. The Court finds that UCB failed to meet its burden of proof on the issue of reasonable reliance.

The issue of reasonable reliance is more completely considered as two questions: (1) did the creditor rely on the materially false Financial Statement of the Debtor; and (2) was that reliance reasonable? Plechaty, 213 B.R. at 126.  In this instance, the Court finds the answer to the first question in the negative.  The evidence at trial did not establish that UCB made the loan in reliance on the false Financial Statement of the Debtor regarding her ownership of property.  Mr. Watson, the loan officer, testified that he had no recollection of his conversation with the Debtor when he filled out the Financial Statement.  The Debtor, however, testified that she did not make the statement.  The rest of the evidence before the Court supports the Debtor's testimony.  First, the loan was unsecured.  If indeed UCB believed the Debtor owned real estate, a more prudent banking practice would have been to secure the loan with the real estate.  Furthermore, nothing else in UCB's file indicates that the Debtor owned real estate.  Also, the Bankruptcy Petition of the Debtor did not indicate that she owned real estate.  The Court finds it is more likely that UCB relied on the fact that the Debtor's family "had money" and could cover the loan in the event of default which is supported by Watson's testimony.  The totality of the circumstances surrounding the loan supports a finding that UCB did not rely on the Debtor's Financial Statement in making the loan.  Accordingly, the second cause of action of the Complaint fails for lack of evidence and judgment in favor of the Debtor on Count II of the Complaint is warranted.

## **CONCLUSION**

For all of the above reasons, the Court will enter judgment in favor of the Defendant/Debtor Tina Lynette Hadley on the Complaint to Determine Dischargeability of Plaintiff United Citizen Bank of Southern Kentucky.  A Judgment in favor of the Debtor accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TINA LYNETTE HADLEY ) | CASE NO. 06-10406 |
| ) | |
|               Debtor(s)          ) | |
| ) | |
| UNITED CITIZEN BANK OF SOUTHERN ) | |
|    KENTUCKY ) | |
|              Plaintiff(s) ) | AP NO. 06-1075 |
| ) | |
| v. ) | |
| ) | |
| TINA LYNETTE HADLEY ) | |
| ) | |
|              Defendant         ) | |

## JUDGMENT

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Judgment is entered in favor of the Defendant/Debtor Tina Lynette Hadley on the Complaint to Determine Dischargeability of Plaintiff United Citizen Bank of Southern Kentucky.

This is a final and appealable Judgment and there is no just reason for delay.